

Latesha Howard
11382 Low Chaparral Drive
Victorville, Ca. 92393
(310) 658-9037
Email: LATHOW2@YAHOO.COM

Latesha Howard, In Pro Per

# UNITED STATES DISTRICT COURT CENTRAL

## DISTRICT OF CALIFORNIA

**Latesha Howard**

               Plaintiff(s),

    vs.

**COUNTY OF SAN BERNARDINO;
SAN BERNARDINO COUNTY CHILDREN
AND FAMILY SERVICES (CFS); GERALD
STONE; TIYANA BENITEZ; MYRA
GAONA; NICOLAS HOLLIS; TIFFANIE
MAILEY; LAURA LEE; WESLEY
WILLIAMS; LISETH ROBLEDO; MARINA
WHITE; JUDGE STEVEN A. MAPES, in his
individual and official capacities;
and DOES 1–50, inclusive**, Defendant(s).

ED CV 25 - 01072-DMG(RAO)

Case No.:

**COMPLAINT FOR VIOLATION OF
CIVIL RIGHTS AND FEDERAL
STATUTES**

**DATE:**
**TIME:**
**DEPT:**

DATED: May 1, 2025

- 1 -

COMPLAINT FOR VIOLATION OF CIVIL RIGHTSAND FEDERAL STATUTES

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because the claims arise under federal constitutional and statutory law.

2. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in this District.

## II. PARTIES

3. Plaintiff Latesha Howard is the adoptive and legal parent of four minor children. She resides in San Bernardino County, California.

4. Defendant County of San Bernardino operates Children and Family Services (CFS), a public child welfare agency.

5. Defendants Gerald Stone, Tiyana Benitez, Myra Gaona, Nicolas Hollis, Tiffanie Mailey, Laura Lee, Wesley Williams, Liseth Robledo, and Marina White are or were employees or agents of CFS, the County, or its counsel, acting under color of state law.

6. Defendant Judge Steven A. Mapes is a judicial officer of the San Bernardino County Superior Court. Plaintiff sues him in his individual and official capacities.

7. Plaintiff sues DOES 1–50 as unidentified employees and agents of CFS and the County whose actions violated Plaintiff's rights.

## III. STATEMENT OF FACTS

COMPLAINT FOR VIOLATION OF CIVIL RIGHTSAND FEDERAL STATUTES

8. Between January 2021 and the present, Plaintiff lawfully advocated for disability services, education, and protection for her adopted children.

9. CFS removed Plaintiff's children based on fabricated allegations from school staff and social workers in retaliation for her advocacy.

10. There was no imminent danger. The children were removed without a warrant or judicial determination, violating WIC §§ 306(b), 319(d), and 319.2.

11. CFS knowingly misrepresented facts, ignored hospital records showing no injury, and failed to document any reasonable efforts to avoid removal.

12. Children were placed with Belinda White, a relative with a prior violent history, without a background check, in violation of WIC § 361.4.

13. CFS denied accommodations for the children's disabilities during interviews and treatment, violating CDSS MPP § 31-125 and ADA/Section 504.

14. Plaintiff was denied meaningful reunification services, psychological evaluations, and visitation.

15. Her education rights were stripped without proper notice or order. Services in her case plan were deliberately withheld to create an appearance of non-compliance.

16. Children suffered physical and emotional harm in CFS custody including overmedication, medical neglect, and abuse.

17. Judge Steven A. Mapes refused to recuse himself despite evidence of bias, denied due process rights, and allowed hearsay-based rulings and unjustified delays.

18. Plaintiff's attorneys withheld key evidence and failed to represent her interests, further violating her access to justice.

19. Plaintiff filed whistleblower complaints regarding misconduct, after which additional retaliation ensued. Wesley Williams (CFS supervisor), County Counsel, and children's

COMPLAINT FOR VIOLATION OF CIVIL RIGHTSAND FEDERAL STATUTES

advocacy attorneys Liseth Robledo and Marina White colluded to prolong Plaintiff's case, interfere with services, and suppress favorable evidence.

20. These individuals obstructed court proceedings and engaged in concerted efforts to prevent reunification, compounding harm to Plaintiff and her children.

21. Their actions reflect broader systemic misconduct and necessitate investigation into these agencies' policies and practices affecting other vulnerable families.

22. Judge Mapes' continued role in family law matters endangers children and violates constitutional protections; he must be removed from the bench to restore public trust.

## IV. CLAIMS FOR RELIEF

**Count 1: Violation of Fourteenth Amendment – Due Process (42 U.S.C. § 1983)** 23. Defendants deprived Plaintiff of her fundamental right to familial association without notice, hearing, or evidence of danger. 24. Plaintiff was denied access to fair hearings, the right to present evidence, and to confront witnesses.

**Count 2: Retaliation for Protected Activity (First Amendment, 42 U.S.C. § 1983)** 25. Defendants retaliated against Plaintiff for filing complaints, whistleblower disclosures, and advocating for disability and educational rights by removing her children and obstructing her case.

**Count 3: Disability Discrimination (ADA Title II – 42 U.S.C. § 12132)** 26. Plaintiff's children are qualified individuals with disabilities. CFS denied them accommodations and appropriate care.

**Count 4: Violation of Section 504 of the Rehabilitation Act (29 U.S.C. § 794)** 27. CFS receives federal funding and failed to provide equal access to services for children with disabilities.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND FEDERAL STATUTES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Count 5: Conspiracy to Violate Civil Rights (42 U.S.C. § 1985)** 28. Defendants conspired to fabricate evidence, withhold evidence, mislead the court, obstruct reunification, and silence Plaintiff's advocacy.

**Count 6: Failure to Prevent Civil Rights Violations (42 U.S.C. § 1986)** 29. Supervisory officials, including Wesley Williams, failed to intervene or discipline employees despite knowledge of misconduct.

**Count 7: Unlawful Seizure (Fourth & Fourteenth Amendments, 42 U.S.C. § 1983)** 30. Defendants removed Plaintiff's children without a warrant, probable cause, or exigent circumstances.

**Count 8: Monell Claim (Policy/Practice Liability against County)** 31. The County maintained policies and customs that encouraged unlawful removal, retaliation, fabrication of reports, and suppression of exculpatory evidence.

**Count 9: Abuse of Process** 32. Defendants misused the judicial process to delay reunification, manipulate testimony, and shield agency errors from judicial review.

**Count 10: Supervisory Liability for Constitutional Violations** 33. Wesley Williams and other supervisors failed to train, supervise, and discipline subordinates who violated federal rights.

**Count 11: Declaratory Relief – Judicial Misconduct** 34. Judge Steven A. Mapes' conduct demonstrated bias, denial of constitutional rights, and systemic disregard for due process in child welfare cases. His continued presence on the bench poses a danger to child safety and public integrity.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTSAND FEDERAL STATUTES

**Count 12: Civil RICO (Racketeer Influenced and Corrupt Organizations Act), 18 U.S.C. §§ 1961–1968** 35. Defendants engaged in a pattern of racketeering activity through repeated acts of obstruction of justice, witness tampering, fraud, and retaliation in violation of federal law. 36. This pattern included fabricating allegations, falsifying documents, suppressing exculpatory evidence, retaliating against Plaintiff for whistleblower complaints, and colluding to prolong litigation to maintain funding and professional gain. 37. Defendants operated as an enterprise through the County's child welfare system, knowingly participating in a coordinated scheme that deprived Plaintiff of her constitutional rights. 38. The conduct was ongoing, systematic, and directly harmed Plaintiff, constituting a violation of 18 U.S.C. § 1962(c). 39. Plaintiff seeks treble damages and equitable relief as permitted under 18 U.S.C. § 1964(c).

## V. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

1. Declare that Defendants violated Plaintiff's constitutional and statutory rights;

2. Grant injunctive relief, including immediate reunification or restoration of custody and appointment of an independent investigator;

3. Award compensatory damages for loss of familial association, emotional distress, and educational/medical harm;

4. Award punitive damages against individual Defendants;

5. Award attorneys' fees and costs under 42 U.S.C. § 1988;

6. Initiate or recommend an independent investigation into the policies and practices of the involved agencies;

COMPLAINT FOR VIOLATION OF CIVIL RIGHTSAND FEDERAL STATUTES

7. Recommend the removal of Judge Steven A. Mapes from any family law assignment;

8. Grant any other relief the Court deems just and proper.

9. Award treble damages under 18 U.S.C. § 1964(c) for RICO violations.

**JURY TRIAL DEMANDED**

**Respectfully submitted,**

**Latesha Howard**

11382 Low Chaparral Dr.
Victorville, CA 92392
(310) 658-9037
LATHOW2@YAHOO.COM
Pro Se Plaintiff

COMPLAINT FOR VIOLATION OF CIVIL RIGHTSAND FEDERAL STATUTES